BREAUX, C. J.
Appellant, inheritance tax collector, claims a tax from the. succession of the late Mrs. Edward Witting, under Act No. 109, p. 173, of T906, which imposes taxes on inheritances and legacies.
The late Mrs. Witting bequeathed to Mrs. Auguste Fueker and the children of Joseph Becker and her godchild, Marie Becker, cer *1057 tain particular legacies, to which we will refer later.
The imperial German consul in New Orleans is their legal representative in this suit.
The testator left property in this city and also in the parish of West Baton Rouge.
Her estate was opened and an inventory taken, and the usual proceedings have been followed to date in matter of the settlement of the estate.
The legacy of the late Mrs. Witting to Mrs. Fueker was valued at $525, and consisted of articles of jewelry. This legacy has given rise to no question or litigation in any way.
On another legacy of a city of New Orleans bond the particular legatee paid the tax; also the legatee for another legacy of a small' amount. In all three of the said legacies the particular legatees paid the tax. It was not in any way connected with realty exempt from taxation.
There -was a residuary legatee named in the will.
The inheritance tax collector claimed the 5 per cent, tax on other particular legacies, and this claim brings up the question for decision.
His demand was not allowed. It was rejected. From the adverse judgment he appeals, and claims that the tax should be paid on the particular legacies just referred to.
.The statute before us for interpretation (Act No. 109, p. 173, of 1906) imposes a tax of 5 per cent, on inheritances or legacies in favor of collateral relatives on the amount bequeathed.
• From this tax is excepted property on which the testator has paid the taxes.
The testator had paid at the time of her death all taxes due on her immovable property.
In 'settling her succession, the executor did . not have an amount sufficient on hand to pay the debts and the particular legacies.
In addition to the particular legatees before referred to, there was a universal legatee named in the will.
The money which the particular legatees received in discharge of their legacy has substantially borne its proportion of taxes. A legacy paid in money may, in certain cases, because of its close relation to property exempt from the tax, be itself exempt from the payment of an inheritance tax.
The statute directing the collection of the tax took effect against the succession of the late Mrs. Witting -at the date of her death. It then became fixed. Property exempt at that time remains exempt until the final settlement of the succession. It was not a direct legacy, from cash on hand; but, the circumstances would have it, it was a legacy from the proceeds of the sale of immovable property on which taxes had been paid. Under those conditions the money .which was paid by the succession is equally as exempt as the property. Otherwise, in partition proceedings of property exempt, the share of each to the extent that cash is received in the partition would have to stand the burden of the tax.
The statute is not susceptible of that construction. If it becomes necessary to partition property by licitation, or to sell it for the purpose of settling the legacy, the proceeds may be exempt, as well as the property. Exemption from taxation is preponderant in that case. It is an aphorism that the price represents the thing, and also that the property represents the price.
“Res succedit in locum pretii et pretium in locum rei.”
The rule that the property represents the price prevails to a greater extent, in matter of trusts for instance, at the common law than it does at civil law. In accordance with the latter the property is not always taken as a representative of the price. In accordance with the civil law it is the case sometimes that the price represents the property.
*1059 As, for instance, when a creditor, whose claim is secured by privilege or mortgage, is compelled to follow the proceeds of a sale in order to recover his privilege or mortgage. Here the price represents the property as it does when a creditor is compelled to seek payment from the proceeds of the sale, as before mentioned.
The appellant presents another ground, which is that the residuary legatee tendered an amount to pay the particular legatees. The testimony shows that it was accepted by the executor. He acted in accordance with the court’s order obtained by the residuary legatee. This amount having been paid and the property not sold, the contention is by counsel for appellant that the price did not on that account represent the property.
It is sufficient answer to this contention that the universal legatee has the right to thus pay legatees, and that if he chooses to exercise that right instead of letting the property be sold a particular legatee is not thereby to be made to pay a tax that he would not otherwise have to pay.
Although the property was not sold at public auction, it is still, in effect, the value of the property that retains its exemption. The action of the testamentary executor should not have the effect of creating an indebtedness for a tax, although it was his right to deposit an amount sufficient to pay these legacies.
Let us imagine, for illustration, that a legal representative, fully authorized by the heirs, were to propose to a particular legatee to transfer to him a part of the realty in discharge of his legacy. No one would reasonably urge that the property transferred is not exempt from the tax.
Here, instead of the transfer of the property, the universal legatee retained it by paying the legatee in money.
The objection of the appellant, inheritance tax collector, is that the succession funds realized from all sources were merged into one sum-, and the contention is, in substance, that it became a consolidated fund, and that it was no longer possible at the time payment was made to pay a fund directly realized from the proceeds of the real estate.
“Money has no earmark,” to quote the well-known words of Judge Martin in one of his decisions. In commerce, currency is exempted without being very particular whether it comes from the sale of one property or the other of the debtor.
The state in this particular has no greater right, provided the common fund is made up in good faith. From it a fractional portion may be taken to discharge the tax without entirely separating the price from the realty.
To illustrate: If two properties were sold, and on one of these properties there are taxes due and on the other there are none, payment of the tax on the one property would go to the discharge of the tax, although the properties are sold together, and the funds are co-mingled, as in this case.
In this case payment of the debts absorbed the whole amount of the proceeds of the personal property. The balance due had to be met from the proceeds of the realty.
Going over the account, we found that the assets not exempted footed up $2,706.75, the liabilities were $3,126.31, the assets over liabilities were $486.25, and, in consequence, it was necessary to dispose of the realty in order to satisfy the legacies, as before mentioned.
It is true, as argued by learned counsel for the inheritance tax collector, the legacy is specially named in the statute as subject to the tax.
There can be no question the legacy from funds that are not the proceeds of property exempt owes the tax. But it is different where there is an exemption. It is not then lost by the fact of a sale or other disposi *1061 tion made necessary to the discharge of the legacy.
The question may he propounded why it differs. This is answered by the language of the statute, which, in words, exempts property which has borne its proportion of taxation.
There is a decision having some bearing, to which we will refer as briefly as possible. Before taking it up we will mention that the distributive shares of personal property was made subject to a tax or duty by the general government. Section 111, Act Cong. July 1, 1862, 12 Stat. 485. Thereafter the tax was contested in United States v. Watts, 1 Bond (U. S.) 582, Fed. Cas. No. 16,653, in the United States Circuit Court for the Southern District of Ohio. As the tax was collectible out of personal property, the court held that it could not be constructively extended so as to .collect on a legacy arising out of real estate.
The decision has some application to the case under advisement to the extent that the tax cannot be collected from the price of exempt property.
It would be well to bear in mind that the only property from which the legatee could possibly be paid was exempt property.
In another case the following was said:
“In the simple ease I have put of land directed to be converted into money, I think the answer to the claim of the crown would be that the property in question was real estate at the death of the testator, and, as such not liable to duty; and that equity would not alter the nature of the property for the purpose only of subjecting it to fiscal claims, to which at law it was not liable in its original state.” Constance v. Bradshaw, 4 Hare, 325.
The court holds that the character of the property was fixed at the date of the death of the testator.
To return a moment to the main issues of the cause before closing the discussion, we will state that there should be juridical constancy in the right to collect inheritance tax. It should be the same in matter of partition by licitation or when the property is sold or disposed of in any other way to pay the tax.
No one will reasonably contend that the proceedings of a sale by licitation to effect a partition is subject to the tax. Not to tax the proceeding's of a partition by licitation, ' and none the less compel payment of the tax when the property is sold or disposed of to discharge the legacy, would be incongruous, and, if possible, it should be avoided.
For reasons stated, the judgment is affirmed.